**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jaimie Davis,<br>Petitioner,<br>vs.<br>WFP Securities Corp., *et al.*,<br>Defendants. | Case No. 2:26-cv-00120-APG-MDC<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION (ECF NO. 18)** |

*Pro se* plaintiff filed a *Motion for Second Extension of Time to Effect Service of Process and Alternative Service* ("Motion") (ECF No. 18). Plaintiff requests for an extension of time to serve defendants Brandon S. Reif ("Reif"), Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc. ("Sathre"), and Warren R. Horney ("Horney") (collectively "unserved defendants") and for alternative service by certified mail to Reif and Sathre. *ECF No. 18*. The Court **GRANTS** the Motion in part regarding plaintiff's request for an extension of time and **DENIES** without prejudice the Motion in part regarding her request for alternative service for the reasons below.

## I. BACKGROUND

Plaintiff's Complaint alleges various federal and state claims against defendants. *ECF No. 10*. Plaintiff then filed this Motion following several attempts to locate and personally serve unserved defendants. *ECF No. 18*.

## II. REQUEST FOR EXTENSION OF TIME

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United

States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Plaintiff request for an extension of the deadline to serve the unserved defendants "through July 30, 2026[.]" *ECF No. 18* at 11. Plaintiff has shown that good cause supports a short extension. Good cause generally is equated with diligence. *Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025) (citation omitted). In the Motion and attached exhibits, plaintiff shows diligence in attempting service to unserved defendants. *ECF No. 18*. Given plaintiff's ongoing efforts, the Court therefore grants plaintiff's request for an extension of time. Plaintiff must file proof of service regarding unserved defendants by **July 30, 2026**.

## III. REQUEST FOR ALTERNATIVE SERVICE

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United

States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff requests for alternative service to Reif and Sathre by certified mail "with tracking to the last known address and notice to Mr. Parson[.]" *ECF No. 18* at 11. Plaintiff argues that "Mr. Parson" is counsel for Reif and Sathre in a related action in this Court. *See id.* The Court liberally construes "Mr. Parson" to be Steven J. Parsons, Esq. ("Parsons"), who is listed as counsel for Reif and Sathre in a case that has been administratively related to this case.[1] *ECF No. 25*; *see also Docket*, *Davis v. Sathre et al.*,

---

[1] Plaintiff's attached exhibits to the Motion also refer to Steven J. Parsons, Esq. by name. *See, e.g.*, *ECF No. 18*, *Ex. 3* at 1.

No. 2:25-cv-02597-APG-MDC. However, plaintiff has not shown that this method of service comports with due process at this time.

Foremost, plaintiff does not identify a specific physical address associated with Parsons that she plans to use for certified mail service in her Motion. Plaintiff also provides no evidence that Reif and Sathre uses or has used any address associated with Parsons to receive mail at any time. *See Tao*, 2025 WL 2379625, at *3 (denying service by certified mail to a mail address when plaintiff did not provide sufficient evidence to prove that defendant ever actually used that mail address to receive mail). To the extent that plaintiff is requesting for Parsons to accept service on behalf Reif and Sathre, she has not shown that Parsons has the authority to accept service on their behalf in this case. *See Kruska v. Perverted Justice Foundation, Inc.*, No. 8–cv–2301–JM–BLM, 2009 WL 4041941, at *2 (D. Ariz. November 16, 2009) (stating that for an attorney to accept service for a client in a particular action, "'the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.") (citing *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)). Therefore, plaintiff's request to serve Reif and Sathre by alternative means is denied without prejudice.

## III. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Second Extension of Time to Effect Service of Process and Alternative Service* (ECF No. 18) is **GRANTED** in part regarding plaintiff's request for an extension of time to serve defendants Brandon S. Reif, Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc., and Warren R. Horney. The Motion is **DENIED** in part and without prejudice regarding Powell request for alternative service to defendants Brandon S. Reif and Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc.

2. Plaintiff must file proof of service regarding defendants Brandon S. Reif, Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc., and Warren R. Horney by **July 30, 2026**.

DATED: July 15, 2026

IT IS SO ORDERED.

_____________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.