**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jaimie Davis,

Petitioner,

vs.

WFP Securities Corp., *et al.*,

Defendants.

Case No. 2:26-cv-00120-APG-MDC

**ORDER DENYING IN PART AND GRANTING IN PART RENEWED MOTION (ECF NO. 30)**

*Pro se* plaintiff filed a *Renewed Motion for Second Extension of Time to Effect Service of Process and Alternative Service* ("Motion") (ECF No. 30), following the Court adjudicating her prior *Motion for Second Extension of Time to Effect Service of Process and Alternative Service* (ECF No. 18) ("Prior Service Motion"). Plaintiff requests for another extension of time to serve defendants Brandon S. Reif ("Reif"), Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc. ("Sathre"), and Warren R. Horney ("Horney") (collectively "unserved defendants"). *ECF No. 30*. She also renews her request for alternative service by certified mail to Reif and Sathre. *Id.* The Court **GRANTS** the Motion in part regarding plaintiff's requests for an extension of time and for alternative service to Reif and **DENIES** without prejudice the Motion in part regarding her request for alternative service to Sathre. The Court's reasoning is as follows.

## I. BACKGROUND

Plaintiff's Complaint alleges various federal and state claims against defendants. *ECF No. 10*. Plaintiff filed her Prior Service Motion following several attempts to personally serve unserved defendants. *ECF No. 18*. The Court granted her request for an extension of time to serve and denied without prejudice her request for alternative service. *ECF No. 28*. Plaintiff then filed this Motion following further efforts to locate unserved defendants.

//

## II. REQUEST FOR EXTENSION OF TIME

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule of Civil Procedure ("Rule") 4. Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Plaintiff request for an extension of the deadline to serve the unserved defendants "through September 15, 2026, or other such date as the Court deems proper[.]" *ECF No. 30* at 8. Plaintiff has shown that good cause supports a short extension. Good cause generally is equated with diligence. *Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025) (citation omitted). In the Motion and attached exhibits, plaintiff shows continued diligence in attempting service to unserved defendants. *ECF No. 30*. Given plaintiff's ongoing efforts, the Court therefore grants

plaintiff's request for an extension of time. Plaintiff must file proof of service regarding unserved defendants by **September 17, 2026**.

## III. REQUEST FOR ALTERNATIVE SERVICE

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff now requests for alternative service to Reif and Sathre by certified mail. Specifically, plaintiff seeks to serve Reif to his office address in Beverly Hills, California and Sathre at his home address in Oceanside, California. *ECF No. 30* at 8. The Ninth Circuit has authorized varied service of process alternatives, including service my certified mail, when it is shown that such service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citations omitted).

Plaintiff requests to serve Reif via U.S. Postal Service ("USPS") Certified Mail to his law office at 315 S. Beverly Drive, Suite 315, Beverly Hills, California 90212. Plaintiff has shown that the office is operational, identified by Reif's partner (Marc S. Ehrlich) as a mailing address a June 23, 2026 email (ECF No. 30, Ex. 1). Plaintiff also demonstrated that the 315 S. Beverly Drive address is the mailing address for Reif listed by the California State Bar (ECF No. 30, Ex. 7). The interaction between an employee of Reif Law Group, L.C. and plaintiff's process server further corroborates the viability of that mailing address (ECF No. 30, Ex. 2). The Court is thus satisfied that plaintiff has shown that service to Reif at the 315 S. Beverly Drive address via USPS Certified mail is reasonably calculated to apprise Reif of the pendency of the action and afford him an opportunity to present his response or objection.

Plaintiff also requests to serve Sathre via USPS Certified mail to his residential address at 450 De Anza Ct., Oceanside, California 92057. Plaintiff, however, does not show such service is reasonably calculated as to Sathre. Here, plaintiff primarily offers that the 450 De Anza Ct. address is listed among Sathre's professional records with Financial Industry Regulatory Authority ("FINRA") (ECF No. 30, Ex. 8). While the process server states he made contact with neighbors, the process server does not testify that the neighbors actually confirmed that Sathre resided at the residence (*see* ECF No. 30, Ex. 6, ¶6). The process server also fails to state whether the truck observed in the 450 De Anza Ct. driveway

was registered to Sathre. Therefore, plaintiff's request to serve Sathre via USPS certified mail to 450 De Anza Ct. is denied without prejudice.

## IV. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Second Extension of Time to Effect Service of Process and Alternative Service* (ECF No. 30) is **GRANTED** in part as to (a) plaintiff's request for an extension of time to serve defendants Brandon S. Reif, Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc., and Warren R. Horney; and (b) plaintiff's request to serve Brandon S. Reif vis USPS Certified mail to 315 S. Beverly Drive, Suite 315, Beverly Hills, California 90212.
2. The Motion is **DENIED** in part and without prejudice regarding plaintiff's request for alternative service to defendant Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc.
3. Plaintiff must file proof of service regarding defendants Brandon S. Reif, Curtis J. Sathre III d/b/a Curtis J. Sathre III, Inc., and Warren R. Horney by **September 17, 2026**.

DATED: August 17, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.