**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jaimie Davis,<br>Petitioner,<br>vs.<br>WFP Securities Corp., *et al.*,<br>Defendants. | Case No. 2:26-cv-00120-APG-MDC<br><br>**ORDER GRANTING RENEWED MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AND FOR ALTERNATIVE SERVICE (ECF NO. 41).** |

*Pro se* plaintiff filed a *Renewed Motion for Extension of Time to Effect Service of Process and Alternative Service* ("Motion") (ECF No. 41). Plaintiff requests for an extension of time to serve Curtis J. Sathre III ("Sathre") and to serve Sathre via U.S. certified mail to 450 De Anza Court, Oceanside, California 92057 ("California Residential Address"), which plaintiff claims is Sathre's residential address. *ECF No. 41*. The Court **GRANTS** plaintiff's Motion for the following reasons.

## I. BACKGROUND

Plaintiff's Complaint alleges various federal and state claims against defendants. *ECF No. 10*. Plaintiff filed a prior *Motion for Extension of Time to Effect Service of Process and Alternative Service* (ECF No. 30) that in relevant part requested to extend the deadline to serve Sathre and to serve Sathre by U.S. certified mail to the California Residential Address. On August 17, 2026, the Court granted in part plaintiff's Prior Service Motion regarding her request to extend the service deadline and extended the deadline to September 17, 2026. *ECF No. 32*. However, the Court denied plaintiff's Prior Service Motion in part and without prejudice regarding her request to serve Sathre by U.S. certified mail. *Id.* Plaintiff then timely filed this Motion following several further attempts to locate and personally serve Sathre. *ECF No. 41*.

//

//

## II. REQUEST FOR EXTENSION OF TIME

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

Plaintiff requests for an extension of the deadline to serve Sathre "through October 15, 2026, or such other date as the Court deems proper[.]" *ECF No. 41* at 6. Plaintiff has shown that good cause supports a further extension. Good cause generally is equated with diligence. *Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025) (citation omitted). In the time since the Court granted plaintiff's prior request to extend the service deadline, plaintiff has shown diligence in attempting service to Sathre. *ECF No. 41*. Specifically, plaintiff's process server attempted to personally serve Sathre at the California Residential Address on August 30, September 4, and

September 13, 2026. *Id.* He also conferred with residents from neighboring addresses to confirm that Sathre currently resided at the California Residential Address. *Id.* Given plaintiff's ongoing efforts, the Court therefore grants plaintiff's request for an extension of time. Plaintiff must file proof of service regarding Sathre by **December 9, 2026**.

## III. REQUEST FOR ALTERNATIVE SERVICE

Plaintiff here seeks for alternative service via U.S. certified mail in accordance with the Federal Rules of Civil Procedure ("Federal Rules") and the Nevada Rules of Civil Procedure ("Nevada Rules"). *ECF No. 41*. "[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Personal service to an individual inside Nevada under Nevada Rule 4.2 and outside Nevada under Nevada Rule 4.3. Nev. R. Civ. P. 4.2, 4.3. Relevantly, the Nevada Rules states:

> **Rule 4.2. Service Within Nevada**
>
> (a) **Serving an Individual.** Unless otherwise provided by these rules, service may be made on an individual:
>
> (1) by delivering a copy of the summons and complaint to the individual personally;
>
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
>
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.
>
> . . . .

> **Rule 4.3. Service Outside Nevada**
>
> (a) **Service Outside Nevada but Within the United States.**
>
> (1) **Serving Individuals.** A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(a) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.

Nev. R. Civ. P. 4.2, 4.3.

Nevada Rule 4.4 governs methods of alternative service. It provides that "If a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute." Nev. R. Civ. P. 4.4(a). It also states:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
>
> (2) A motion seeking an order for alternative service must:
>
> (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
>
> (i) the due diligence that was undertaken to locate and serve the defendant; and
>
> (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
>
> (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable, "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court denied plaintiff's prior request to serve Sathre by U.S. certified mail to the California Residential Address because plaintiff did not show that such service comported with due process. *ECF No. 32*. Specifically, the Court noted that plaintiff's process server failed to ask residents in neighboring addresses if Sathre resided at the California Residential Address and confirm if the truck located at the address belonged to Sathre. *Id.* In this Motion, plaintiff now shows that U.S. certified mail service to the California Residential Address comports with due process.

Plaintiff's process server now states in a sworn declaration that when he attempted personal service on Sathre in August and September 2026, six residents of neighboring addresses confirmed that Sathre resides at and receives mail from the California Residential Address. *ECF No. 41* at 9-12. Plaintiff's process server also identifies several documents that show that Sathre currently resides at the California Residential Address, including a San Diego County ownership report that lists Sathre as a current owner-occupant. *ECF No. 41* at 10. Moreover, plaintiff's process server states that when he attempted service on September 4, 2026, he heard voices from inside the California Residential Address that were "quietly attempting to quiet and redirect [a dog who barked from inside the residence] rather than answer the door[.]" *Id.* at 12. He thus notes that given his experience as a process server, Sathre may be attempting to avoid personal service while residing in the California Residential Address. *See id.*

Given the foregoing, plaintiff shows sufficient evidence that Sathre currently resides and receives mail at the California Residential Address. Thus, U.S. certified mail service to the California Residential Address is reasonably calculated to give Sathre notice and comports with due process.

Alternative service is also authorized under Nevada Rule 4.4. Plaintiff requests for alternative service under Nevada Rule 4.4(b). However, given that plaintiff states that the California Residential Address was locked by a gate "making it impossible to reach the front door" (ECF No. 41 at 3), the

Court also liberally construes her to be requesting for alternative service under Nevada Rule 4.4(a) and NRS § 14.090(1). *See Multibank 2009-1 RES-ADC Venture, LLC v. Garreston*, No. 2:10-cv-1396-RLH-LRL, 2010 WL 5185130, at *2-3 (D. Nev. December 17, 2010) (finding that NRS § 14.090(1) was applicable where personal service to a residence failed because the residence itself had a locked gate that could not be accessed); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]"). NRS § 14.090(1) relevantly states:

> 1. A person who resides at a location to which access is not reasonably available except through a gate may be lawfully served with any legal process in the manner provided in this section. If there is:
>
> . . . .
>
> (a) A guard posted at the gate and the guard denies access to the residence for service of process, service of process is effective upon leaving a copy thereof with the guard.
>
> (b) No guard posted at the gate and entry through the gate is not reasonably available, the court may, if it is satisfied that those facts are true, allow service of process by mailing a copy thereof to the residence by certified or registered mail.

*Id.*

The evidence presented by plaintiff indicates that there are no guards posted at the gate of the California Residential Address. *See ECF No. 41*. As stated above, plaintiff also attempted personal service several times at the California Residential Address and conducted searches of various public and business records identifying Sathre as currently residing there. *See id*. Given the foregoing, U.S. certified mail service to Sathre at the California Residential Address is proper. Therefore, the Court grants plaintiff leave to effectuate service to Sathre pursuant to NRS § 14.090(1)(b) and Nevada Rule 4.4(a).

//

//

//

## III. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Renewed Motion for Extension of Time to Effect Service of Process and Alternative Service* (ECF No. 41) is **GRANTED**.

2. Plaintiff must file proof of service regarding Curtis J. Sathre III by **December 9, 2026**.

3. Plaintiff shall serve defendant Curtis J. Sathre III pursuant to NRS § 14.090(1)(b) and Nevada Rule of Civil Procedure 4.4(a), and has leave to serve the summons and complaint to Sathre by U.S. certified mail at 450 De Anza Court, Oceanside, California 92057.

DATED: November 9, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.